# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOUBACAR DIALLO-BIRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:26-cv-1759 |
| | ) | |
| LEONARD ODDO *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"). Petitioner seeks immediate release and other relief. This Court will order a bond hearing but deny other requested relief.

The United States Court of Appeals for the Third Circuit in a divided panel recently held that 8 U.S.C. § 1226(a)[1], not 8 U.S.C. § 1225(b)(2)(A)[2], applies to an alien who is not "an alien seeking admission." *Buele Morocho v. Warden Philadelphia FDC*, *189 F.4th* 287 (3d Cir, 2026). This Third Circuit panel further held that aliens seeking asylum are not requesting lawful admission, bur rather seek relief from removal. *Id*. at 296 n. 11. Petitioner, like the petitioners in *Buele Morocho*, is not alleged to be seeking admission to a port of entry, but rather was already present in the United States. According to the Third Circuit, Petitioner's detention is therefore governed by § 1226(a), and he therefore has a right to an individualized bond hearing. Furthermore, where detention is governed by § 1226(a), detention without a bond hearing is a

[1] This provision permits discretionary release on bond pending removal proceedings so long as the alien in not a danger or flight risk. *Buele Morocho, 189 F.4th at 292 (citing* 8 U.S.C. § 1226(a)).

[2] This provision "imposes mandatory detention if: (1) an 'examining immigration officer,' (2) determines that an 'applicant for admission,' (3) is 'an alien seeking admission,' and (4) is 'not clearly and beyond a doubt entitled to be admitted." *Buele Morocho, 189 F.4th at 293 (citing* 8 U.S.C. § 1225(b)(2)(A)).

violation of the Petitioner's procedural due process rights. *Id.* at 305-307. Therefore, the Petition is GRANTED insofar as a bond hearing must be provided.

AND NOW, this 19th day of November 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, is GRANTED IN PART and DENIED IN PART. It is GRANTED in that as soon as practicable, but no later than thirty (30) days from the date of this Order, Petitioner must receive an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226. All other requests for relief in the Petition are otherwise DENIED.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record